## UNITED STATES v. COE.

### (At Chambers, N. D. Ohio, E. D.)

1. CHINESE EXCLUSION ACT—CONSTITUTIONALITY.

Chinese Exclusion Act (Act Cong. Sept. 13, 1888, § 13, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317]), providing that on the filing of an affidavit which charges that a person is a Chinese person, or a person of Chinese descent, and that he is unlawfully in the country, a warrant may issue for his arrest, and after hearing before a United States commissioner, and on appeal to a United States District Judge, he may be deported, is unconstitutional, in that it authorizes the arrest and trial of persons who may not be Chinese persons, within the United States, without compliance with the protections guarantied by the federal Constitution.

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

### On Motion for Discharge.

The defendant was arrested on the 3d day of October, 1903, upon a warrant issued by John H. Simpson, United States commissioner for this district, such warrant being based upon a complaint duly sworn to and verified by one Thomas P. H. O'Neill, Chinese inspector, alleging that said defendant was a Chinese person, and did on said 3d day of October, 1903, come into the United States from a foreign place, and was unlawfully within the United States, contrary to the form of the statute of the United States in such case made and provided, and against the peace and dignity of the United States. On the 26th day of October, 1903, a hearing was had upon said complaint before said commissioner, at which hearing witnesses were sworn and testified on behalf of the United States; and at the conclusion of said hearing the said commissioner gave, made, and filed, in writing, his findings, order, and judgment in said proceeding, wherein and whereby said commissioner did expressly find that at the time of the filing of said complaint and of the rendition of said judgment the said defendant was, by race, language, color, and dress, a Chinese person, and that said defendant had failed to establish, by affirmative proof, his lawful right to remain in the United States; and said commissioner did find and adjudge said defendant to be unlawfully within the United States, and did order that he be removed from the United States to China, it not appearing that he was a subject or a citizen of any other country than China; and said defendant was committed to the custody of the United States marshal for said district. On the 31st day of October, 1903, the defendant duly appealed from said findings, order, and judgment of said commissioner to the judge of the District Court for said district. On the 27th day of November, 1903, the said appeal came on regularly for hearing before Francis J. Wing, sitting as said judge; whereupon the defendant, by his counsel, objected and demurred to the introduction of any testimony under the charge, on the ground that the act on which the prosecution was based is unconstitutional and void, being in contravention of article 3, § 2, of the Constitution of the United States, and of section 7 of the amendments to the same; and moved that, on the ground of such unconstitutionality, he be discharged.

John J. Sullivan, U. S. Atty.
Vessey, Davis & Manak, for defendant.

WING, District Judge (after stating the facts as above). Section 13 of the act of September 13, 1888, c. 1015, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317], upon which this prosecution is based, provides that, upon the filing of an affidavit which charges that a person is a Chinese person, or person of Chinese descent, and that he is unlawfully in the country, a warrant may issue for the arrest of such person. Such process is operative not alone against Chinese persons, but against any person in the community, within the meaning of that word as used in the Constitution. Such person, under the provisions of the act, is then brought before a commissioner, and tried upon the issues raised by the allegations of the affidavit. If found guilty, the commissioner is empowered to make an order of deportation, the effect of which will be to remove such person to China.

In each of the causes which have been decided by the Supreme Court of the United States under this act the record has shown that the person objecting to the constitutionality of the act was admittedly a person of Chinese descent. The consideration which I have given to the act is from the standpoint of those other than Chinese persons who are entitled to the protections guarantied by the Constitution, and who are the real objects of the inherent menace of prosecutions of this character.

While it may be readily understood that it rests within the sovereign power of the government to exclude aliens, and prevent their entry into the country, and that such exclusion of an ascertained or admitted alien in no way violates any of the provisions of the Constitution, it is also easy to be recognized that to arrest and put upon trial any person within the body of the country, by the process of affidavit and warrant, in the manner provided by the statute, upon the charge that such person is a prohibited alien, and therefore subject to the penalty of deportation—which would be banishment if the person is a citizen—is an encroachment upon such person's constitutional rights, unless it be assumed that the mere fact of arrest is conclusive proof that the person arrested is such prohibited alien.

I therefore hold that so much of the act of September 13, 1888, as provides for arrest and trial before a commissioner, or on appeal to a federal judge, upon the filing of an affidavit, is unconstitutional, because the act in no wise provides for those protections guarantied by the Constitution to persons within the United States.

The defendant is discharged.